**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD GRAY; KIMBERLY GRAY, | No.    20-15793 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-01864-JD |
| v. | |
| OCWEN MORTGAGE SERVICING, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 10, 2021[**]
San Francisco, California

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.

Richard and Kimberly Gray appeal from the district court's dismissal with

prejudice of their operative complaint.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The operative complaint failed to state a claim for relief because the credit report was not misleading or inaccurate in violation of the federal Fair Credit Reporting Act or California's Consumer Credit Reporting Agencies Act. First, neither Richard Gray's bankruptcy discharge nor section 580b of the California Code of Civil Procedure affected Kimberly Gray's responsibility to make the loan payments before a foreclosure of the property. *See Blixseth v. Credit Suisse*, 961 F.3d 1074, 1082 (9th Cir. 2020); Cal. Civ. Proc. Code § 580b (2005). Second, the report of the overdue payments is accurate and relevant to Kimberly Gray's creditworthiness, notwithstanding the fact that the only recourse the lender had for Kimberly's failure to pay the overdue amount would be to foreclose on the property. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010). Because *Kuns v. Ocwen Loan Servicing, LLC*, considered a post-foreclosure credit report that included the amount of the uncollectible deficiency resulting from the foreclosure sale, 611 F. App'x 398, 400 (9th Cir. 2015), even were it binding on us, it would have no bearing on the pre-foreclosure credit report at issue in this case. Contrary to the Grays' argument, there is no factual dispute for the jury. *Cf. Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012). The Grays' claim under California's Unfair Business Practices Act is

2

predicated on the same credit reporting allegations and therefore fails for the reasons we have stated. We therefore affirm the district court's dismissal.

Further, the Grays' opening brief on appeal failed to raise a challenge to the district court's dismissal of the operative complaint on the ground that it was an improper request for reconsideration of the court's dismissal of their second amended complaint. Therefore, the Grays forfeited this claim, and we also affirm the district court's dismissal on that basis. *Padgett v. Wright*, 587 F.3d 983, 985–86 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED**.